UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STEPHEN GOODITIS AND DANA GOODITIS,

                      Plaintiffs,

-against-

JAMES E. MARTINEAU, JR., ESQ., individually
and as owner of LAW OFFICES OF JAMES E.
MARTINEAU, JR.

                      Defendant.

**VERIFIED COMPLAINT**

**Jury Trial Demanded**

---

Plaintiffs, Stephen Gooditis and Dana Gooditis, by and through their attorneys Bailey, Kelleher & Johnson, P.C., as and for their Verified Complaint respectfully allege as follows:

### NATURE OF THE ACTION

1. This is a civil action seeking equitable relief, compensatory damages, costs, disbursements and interest and such other relief as this Court will deem just and proper, brought against Defendant alleging that he committed legal malpractice in the course of his representation of Plaintiffs.

### JURISDICTION AND VENUE

2. Plaintiffs, Stephen Gooditis and Dana Gooditis reside at [redacted], Ringoes, State of New Jersey, 08551.

3. Upon information and belief, Defendant has his primary and only office of business from which he pursues the practice of law at 14 School Street, Au Sable Forks, State of New York 12912.

4. The acts or omissions complained of in this action occurred in Jay, New York in that the legal malpractice centers around a property bearing the address of 21 Mallory's Way, Jay,

State of New York 12941.

5. Jurisdiction of the Court is invoked pursuant to 28 U.S.C.S. §1332(a)(1) in that there is a civil action between citizens residing and/or doing business in different states thereby providing complete diversity and the matter in controversy exceeds the sum or value of Seventy Five Thousand Dollars and NO/100 ($75,000.00).

6. Venue is proper in the Northern District of New York, pursuant to 28 U.S.C.S. §1391(a) because Defendant's primary and only office of business is located in Essex County, State of New York and the acts or omissions complained of in this action also occurred in Essex County, State of New York.

## THE PARTIES

7. At all relevant times mentioned herein, Plaintiffs Dana Gooditis and Stephen Gooditis are individuals who are residents of the State of New Jersey.

8. Upon information and belief, at all relevant times mentioned herein, the defendant James E. Martineau, Jr., Esq. is the owner and sole practitioner in the Law Offices of James E. Martineau, Jr., which has its principle offices in Essex County, State of New York.

## FACTS

9. Plaintiffs, Mr. and Mrs. Gooditis retained Defendant in his professional capacity as an attorney to represent and advise them in a real estate transaction in connection with a property bearing the address of 21 Mallory's Way, Jay, New York 12941.

10. Upon information and belief a Contract for Land Sale and Construction (referred to hereinafter as "Contract") to be entered into by and between Rocket's Carpentry, LLC and Stephen and Dana Gooditis was provided to Defendant for review prior to signing the Contract.

11. Upon information and belief, Defendant reviewed the Contract and advised Plaintiffs

that is was advisable to sign this Contract and move forward with the transaction as structured.

12. On or about November 20, 2006 and relying upon Defendant's advice, Plaintiffs signed the Contract for Land Sale and Construction.

13. By executing the Contract Plaintiffs were under the impression that Rocket's Carpentry, LLC was indeed a valid seller of the property with marketable title to transfer at the contemplated closing.

14. Upon information and belief, title to the contemplated property was not held by Rocket's Carpentry, LLC as listed in the Contract for Land Sale and Construction.

15. Upon information and belief, title to the contemplated property was held by Mike and Laurie Rock in their individual capacities.

16. Upon information and belief Mike Rock was the proprietor of Rocket's Carpentry, LLC.

17. Mike Rock was hired by Plaintiffs as a contractor to perform work on the property per Plaintiff's specifications.

18. Upon information and belief, Defendant did not perform a title search in order to ascertain the identity of the title holder to the property contemplated in the Contract.

19. As the seller listed in the Contract for Land Sale and Construction was not actually the entity that held title to the property contemplated within, Plaintiffs did not have the protection of a valid and binding contract.

20. Plaintiffs were led to believe that they had the protection of a valid and binding contract by Defendant, and in reliance on Defendant's representation, Plaintiffs expended a considerable amount of money in anticipation that closing will take place pursuant to the Contract.

21. Defendant was involved and advised Plaintiffs at every step of the transaction and did not warn or alert Plaintiffs at any time that they were party to an invalid Contract for Land Sale and Construction that was in fact not binding since the seller listed did not have title to transfer.

22. Upon information and belief, Defendant had prior dealings with Mike Rock and knew that Mike Rock very well may not perform pursuant to the Contract.

23. Upon information and belief, Defendant knew that the property contemplated in the Contract was owned by Mike and Laurie Rock in their individual capacity as opposed to Rocket's Carpentry, LLC which was the entity listed as seller in the Contract.

24. Although Defendant knew of Mike Rock's prior business practices he did not advise Plaintiffs against structuring the transaction in the manner contemplated by the Contract.

25. Although Defendant knew of Mike Rock's prior business practices he did not exercise due diligence and did not perform a title search on the property in order to determine which entity or individual actually held valid title to pass at the future closing.

26. The Contract was not performed to completion as Mike Rock defaulted and subsequently disclaimed any obligation to the Plaintiffs because the entity listed as the seller in the Contract was Rocket Carpentry, LLC and not Mike Rock personally.

27. As Rocket Carpentry, LLC never held title to the property contemplated by the Contract, a valid and binding contract was never formed and thus Dana and Stephen Gooditis did not have the protection of a binding contract.

28. Upon information and belief, had the correct entity been listed as the seller in the Contract, Dana and Stephen Gooditis could have recovered the money that they had expended while under the impression that they had the protection of a binding contract.

## CLAIMS FOR RELIEF
## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT

29. The Plaintiffs repeat and reiterate the allegations set forth in paragraphs "1" through "28" herein above, with the same force and effect as if fully set forth at length herein.

30. Defendant, James E. Martineau, Jr., Esq. was engaged in the practice of law and is the owner of the Law Offices of James E. Martineau, Jr.

31. Defendant accepted work in the field of real estate and as such held himself out to be competent to handle such work in a competent manner.

32. Defendant failed to exercise the degree of care, skill and diligence commonly possessed and required of an attorney practicing in the field of real estate in that Defendant failed to ensure that the entity listed in the Contract as the seller was the actual entity who had the title to the land thereby being able to actually transfer title at the contemplated closing.

33. Defendant's negligence and failure to exercise due care that is required of an attorney practicing in the field of real estate was the proximate cause of Plaintiff's damages in that had the correct entity been listed in the Contract as the seller, Plaintiffs would have had all of the protections available to individuals who have entered into a binding contract.

34. As there was no binding or valid contract formed, Plaintiffs did not have a remedy pursuant to contract law and thereby also did not have the same protections.

35. Due to Defendant's negligence, Plaintiffs suffered actual monetary damages because as a result of Defendant's failure to exercise the care expected of an attorney, Plaintiffs did not have a binding and valid Contract.

## AS AND FOR A SECOND CAUSE OF ACTION

36. The Plaintiffs repeat and reiterate the allegations set forth in paragraphs "1" through

"35" herein above, with the same force and effect as if fully set forth at length herein.

37. Defendant, James E. Martineau, Jr., Esq. was engaged in the practice of law and is the owner of the Law Offices of James E. Martineau, Jr.

38. Defendant accepted work in the field of real estate and as such held himself out to be competent to handle such work in a competent manner.

39. Defendant failed to advise Plaintiffs that as they did not hold title to the land contemplated in the Contract it was not within common practice to spend personal funds on the improvement of this property, and that he was at the time uncertain as to whether the entity listed as the seller in the Contract actually had the right to transfer title at the closing.

40. Defendant further failed to advise Plaintiffs that it was not sound practice and outside of the scope of common practice in the field of real estate to expend large amounts of personal funds to finance the costs for a property that Plaintiffs did not own.

41. As such, Defendant deviated from the degree of care, skill and diligence commonly possessed by a member of the legal profession and was thereby negligent in the handling of this transaction.

42. Plaintiffs fully relied on Defendant's advice and evaluation of the transaction.

43. Defendant's failure to properly advise Plaintiffs deviated from the degree of care, skill and diligence commonly possessed and expected of a member of the legal profession.

44. Defendant's negligent handling of this transaction was the proximate cause of Plaintiff's damages.

45. As a result of Defendant's negligence Plaintiffs sustained substantial actual monetary damages.

**WHEREFORE**, as this action arose between citizens of different states thereby

providing complete diversity and exceeded the jurisdictional limit of Seventy Five Thousand Dollars and NO/100 ($75,000.00), Plaintiff prays from this Court for the following relief:

a) Plaintiff demands judgment against the Defendant herein in the manner, form and amounts recited together with the costs, disbursements and interest;

b) Plaintiff prays for such other and further relief as this Court may deem just and equitable.

Dated: November 4, 2009

BAILEY, KELLEHER & JOHNSON, P.C.

By: _____
DINNA ESKIN-COLON (Bar No. 514342)
Attorneys for Plaintiff
Pine West Plaza 5, Suite 507
Washington Avenue Extension
Albany, NY 12205
Tel.  (518) 456-0082
Fax  (518) 456-4767
Deskin-Colon@bkjlaw.com

## VERIFICATION

STATE OF NEW JERSEY    )
                       ) ss
COUNTY OF HUNTERDON    )

STEPHEN GOODITIS, being duly sworn, deposes and states that I am a Plaintiff in this action and that the foregoing COMPLAINT, is true to the best of my knowledge, except to those matters therein stated to be alleged upon information and belief and as to those matters I believe them to be true.

_____
STEPHEN GOODITIS

Sworn to before me this
4 day of November, 2009.

_____
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES MAY 6, 2013

STATE OF NEW JERSEY    )
                       ) ss
COUNTY OF HUNTERDON    )

DANA GOODITIS, being duly sworn, deposes and states that I am a Plaintiff in this action and that the foregoing COMPLAINT, is true to the best of my knowledge, except to those matters therein stated to be alleged upon information and belief and as to those matters I believe them to be true.

_____
DANA GOODITIS

Sworn to before me this
4 day of November, 2009.

_____
NOTARY PUBLIC

MARGARET K KUSANT
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES MAY 6, 2013